IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHIRLEY CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO. |
| | ) | |
| IMMEDIATE CREDIT RECOVERY, INC. and TAMEKA HUTCHINSON, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, Plaintiff Shirley Carter ("Plaintiff" or "Carter") and brings this Complaint for sexual harassment in employment and retaliation for aggrieving sexual harassment in employment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. ("Title VII"), as well as state law claims of negligent retention and battery, as follows:

## JURISDICTION, VENUE AND PARTIES

1.

This court has subject matter jurisdiction over Plaintiff's claims, which turn on questions of federal law. 28 U.S.C. § 1331.

2.

This Court has supplemental jurisdiction over Plaintiff's state law claims, which arise from the same conduct and events as Plaintiff's federal claims. 28 U.S.C. § 1367.

3.

Plaintiff has exhausted her administrative remedies with respect to her Title VII claims by timely filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). EEOC has issued a Notice of Right to Sue ("RTS") with respect to her charge, and this action is timely filed within ninety (90) days of Plaintiff's receipt of the RTS.

4.

Venue is proper in the United States District Court for the Northern District of Georgia, Atlanta Division because the Defendant resides herein and the events giving rise to this Complaint occurred herein.

5.

Carter is an African-American female. At all times relevant to this Complaint, Carter was a resident of Gwinnett County, Georgia, which is in this district and division. At all times relevant to this Complaint, Plaintiff was an employee of Defendant Immediate Credit Recovery, Inc. ("ICR").

6.

Defendant ICR is a Georgia corporation.  ICR is an employer as that term is defined by Title VII.  ICR conducts business collecting debts for its clients from its offices at 1800 Sandy Plains Parkway, Suite 310, Marietta, Georgia  30066.  ICR may be served with the Summons and Complaint by personal service upon its registered agent, CT Corporation System, which is located at 1201 Peachtree Street, NE, Atlanta, Georgia  30361.

7.

Defendant Hutchinson may be served with the Summons and Complaint by personal service at her place of business, ICR's offices at 1800 Sandy Plains Parkway, Suite 310, Marietta, Georgia  30066.

**FACTS**

8.

Carter began her employment with ICR on or about April 12, 2010, in the position of Collection Specialist.  Plaintiff's primary duty as Collection Specialist was to call debtors on the telephone in an attempt to arrange the payment of debts to ICR clients.

9.

Defendant Hutchinson was Carter's immediate supervisor.

10.

Throughout Carter's employment with ICR, Defendant Hutchinson openly sexually harassed Carter.

11.

Said harassment by Hutchinson, of Carter and others, was well-known to the managers of ICR.

12.

By way of example, Hutchinson frequently and conspicuously glared at Carter's breasts and buttocks. Hutchinson touched Carter with her buttocks on numerous occasions, to which Carter responded by visibly expressing her discomfort. Hutchinson often followed Carter into the bathroom and glared at her body suggestively, communicating with her body language sexual designs toward Carter.

13.

On or about July 26, 2010, Hutchinson openly, in the middle of the workplace, placed her body against Carter's body, "groping" "humping" and "grinding" on Carter for a prolonged period of time. This caused Carter to become visibly upset and distressed.

14.

That same day, Carter reported Hutchinson's sexual battery to Hutchinson's supervisor, Marsherry McMichael ("McMichael").

15.

The very next day, McMichael terminated Carter's employment.

16.

The reason given for Carter's termination was "poor performance." However, as shall be proven through evidence of the facts alleged herein, as well as additional evidence to be developed during the course of discovery, the stated reason for Carter's termination was a pretext for retaliation.

17.

Hutchinson's conduct was not investigated in any way. She was not disciplined, and ICR took no action to address her hostile workplace conduct.

18.

As a result of Carter's termination, she has suffered numerous injuries including, but not limited to, loss of income and emotional distress.

## LEGAL CLAIMS

## COUNT ONE

### Sexual Harassment

19.

By this reference, Plaintiff's factual allegations are incorporated as if fully set forth herein.

20.

Title VII prohibits an employer from maintaining a work environment that is permeated by severe or pervasive sexual harassment.

21.

As shall be shown by evidence of the facts alleged herein, as well as additional evidence to be developed during the course of discovery, ICR maintained a work environment for Carter that was permeated by severe and pervasive sexual harassment.

22.

As a result of ICR's maintenance of a sexually hostile work environment, Carter was denied the benefits and privileges of employment.

23.

Pursuant to Title VII, Carter is entitled to recover all damages proximately resulting from ICR's maintenance of a sexually hostile work environment.

24.

Pursuant to Title VII, Carter is entitled to recover punitive damages due to the intentional and outrageous, or, in the alternative, reckless nature of ICR's maintenance of a sexually hostile work environment for Carter.

## COUNT TWO

### Retaliation

25.

By this reference, Plaintiff's factual allegations are incorporated as if fully set forth herein.

26.

Title VII protects an employee's right to report conduct that the employee reasonably believes to create a sexually hostile work environment.

27.

As shall be shown by evidence of the facts alleged herein, as well as additional evidence to be developed during the course of discovery, ICR

terminated Carter in retaliation for her complaints of sexual harassment by Hutchinson.

28.

Pursuant to Title VII, Carter is entitled to recover damages for all injuries proximately resulting from these acts of retaliation, in an amount to be determined by the enlightened conscience of the jury.

29.

Pursuant to Title VII, Carter is entitled to recover punitive damages due to the intentional and outrageous, or, in the alternative, reckless nature of ICR's acts of retaliation.

## COUNT THREE

### Negligent Retention

30.

By this reference, Plaintiff's factual allegations are incorporated as if fully set forth herein.

31.

An employer has a duty to exercise reasonable care in responding to workplace conduct that, if continued, is likely to cause harm to other employees or customers.

32.

At all times relevant to this complaint, ICR knew or should have known of Hutchinson's sexually inappropriate and hostile conduct, due to the open and flagrant nature of said conduct.

33.

Upon information and belief, managers at ICR had specific knowledge of Hutchinson's conduct, yet failed to exercise reasonable care to cease or prevent said conduct.

34.

As an proximate result of ICR's negligence with regard to Hutchinson, Carter suffered numerous injuries, including being subjected to a hostile work environment, and battery.

35.

Carter is entitled to recover special and general damages for the injuries caused by ICR's negligence, in an amount to be determined by the enlightened conscience of the jury.

36.

ICR acted with a conscious indifference to the rights of Hutchinson and those similarly situated thereby entitling Carter to punitive damages in an amount to be determined by the enlightened conscience of the jury.

## COUNT FOUR

### Battery

37.

By this reference, Carter's factual allegations are incorporated as if fully set forth herein.

38.

As set forth in this Complaint, Defendant Hutchinson touched Carter in a matter that was harmful and wrongful, thus committing the tort of battery.

39.

Hutchinson is personally liable for all injuries caused to Carter as a result of this battery.

40.

Because Hutchinson's battery of Carter was carried out in the course of her supervisory and other duties as an employee of ICR, ICR is vicariously liable for Hutchinson's acts of battery.

41.

Carter is entitled to recover damages for all injuries resulting from Hutchinson's battery, including special and general damages, in an amount to be determined by the enlightened conscience of the jury.

42.

Due to the intentional nature of Hutchinson's conduct and the reckless indifference towards such conduct exhibited by ICR, Carter is entitled to recover punitive damages from both Defendants in an amount to be determined by the enlightened conscience of the jury.

**WHEREFORE,** Plaintiff respectfully requests the following relief:

(a)  a trial by jury;

(b)  an award of damages against Defendants to compensate Plaintiff for all injuries proximately resulting from the Defendants' wrongful actions, including back pay, front pay, interest, and compensatory damages for emotional distress;

(c)  an award of punitive damages, due to the intentional and/or reckless nature of the Defendants' conduct, in an amount to be determined by the enlightened conscience of the jury;

(d) an award of attorney's fees and expenses of litigation as authorized under 42 U.S.C. § 1988;

(e) an award of pre-judgment and post-judgment interest; and

(f) such other equitable and monetary relief as the court deems just and proper.

Respectfully submitted this 2nd day of November, 2011.

/s/ James Radford
David F. Walbert
Georgia Bar No. 730450
dwalbert@pcwlawfirm.com
James Radford
Georgia Bar No. 108007
jradford@pcwlawfirm.com

PARKS, CHESIN & WALBERT, P.C.
75 Fourteenth Street, Suite 2600
Atlanta, GA 30309
Telephone: (404) 873-8000
Facsimile: (404) 873-8050

/s/ Stephanie D. Banks
Stephanie D. Banks
Georgia Bar No. 036378
sdbanks@sdbankslaw.com

THE LAW OFFICE OF
STEPHANIE D. BANKS & COMPANY, LLC
2930 Alcove Drive
Scottdale, GA 30079
Telephone: (404) 296-7909
Facsimile: (404) 296-7907
*Attorneys for Plaintiff*